IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MATTHEW CHRISTOPHER SAVOY, )
)
Petitioner, )
) 1:11CV561
v. ) 1:08CR272-3
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Matthew Christopher Savoy, a federal prisoner, has brought a Motion (Docket Entry 149) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a Memorandum in support (Docket Entry 150).[1] Respondent has filed a Response (Docket Entry 152) and Petitioner has filed a Reply (Docket Entry 154). The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Background

Petitioner was the subject of a twenty-one count superseding indictment on October 27, 2008. (Docket Entry 57.) Pertinent to the instant action are counts one (conspiracy to interfere with commerce by robbery in violation of 28 U.S.C. § 1951), nineteen (carrying and using by discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) and (c)(i) and 2), and twenty-one (same). (*Id.*) On November 19, 2008, Petitioner pled guilty to the three aforementioned counts. (Docket

---

[1]This and all further cites to the record are to the criminal case.

Entry 81; Minute Entry 11/19/08.) He was sentenced to 483 months of imprisonment. (Minute Entry 111; Docket Entry 111.) Petitioner appealed and his conviction and sentence were affirmed. *United States v. Savoy*, 390 Fed. App'x 222 (4th Cir. Aug. 4 2010).

## Petitioner's Claims

Petitioner raises two claims. The first is that while the "Court properly applied the law in effect at the time of [the] imposition of [his] sentence," a new Supreme Court case "requires that this Court vacate its 120 month sentence . . . ." (Docket Entry 150 at 2; *see also* Docket Entry 149, § 12, Ground One.) The second is that he received ineffective assistance of counsel because (1) his attorney ignored Petitioner's requests to go to trial, (2) failed to prepare for trial, (3) failed to file certain pre-trial motions, (4) induced and pressured Petitioner to enter into a guilty plea through a series of misrepresentations, and (5) failed to instruct Petitioner of his rights and defenses, or, apparently, to discuss the case with him in any meaningful way. (Docket Entry 149, § 12, Ground Two, Docket Entry 150 at 3-6.)[1]

## Claim One

As noted, Petitioner contends that while the "Court properly applied the law in effect at the time of [the] imposition of [his] sentence," a new Supreme Court case "requires that this Court vacate its 120 month sentence . . . ." (Docket Entry 150 at 2.) Petitioner references *Abbott v. United States*, ___ U.S. ___, 131 S.Ct. 18 (2010). In *Abbott*, the Supreme Court was required to interpret 18 U.S.C. § 924(c) as it was reformulated in 1998. *Abbot*,

---

[1] At one point in his Petition, Petitioner asserts that his attorney did not provide effective assistance of counsel on appeal. (Docket Entry 149, § 12, Ground 1(b).) However, nowhere in any of Petitioner's pleadings does he develop this argument, if it is indeed an argument. As explained herein, conclusory assertions like this are insufficient to carry a Petitioner's burden.

2

___ U.S. at ___, 131 S.Ct. at 25-26. Before 1998, the statute required that violations be punished by mandatory sentences consecutive to other counts of conviction. *Id.* The 1998 amendment modified this mandate by providing for maximum consecutive sentences "[e]xcept to the extent that a greater minimum sentence is otherwise provided by [§ 924(c) itself] or any other provision of law." *Abbot*, ___ U.S. at ___, 131 S.Ct. at 25. The defendants in *Abbott* had argued that the "except clause" protected them from consecutive sentences when another count of conviction provided a higher minimum sentence. The Supreme Court rejected this argument, holding that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum *on a different count of conviction.*" *Abbot*, ___ U.S. at ___, 131 S.Ct. at 23. (emphasis added). Here, Petitioner was sentenced to consecutive 924(c) sentences on separate counts of conviction. *Abbott* does not, as Petitioner argues, prohibit consecutive mandatory sentences for two separate § 924(c) convictions. On the contrary, under *Deal v. United States*, 508 U.S. 129 (1993), if a defendant is convicted of multiple § 924(c) offenses in the same case, "each additional conviction is a 'second or subsequent conviction' within the plain meaning of the statute, requiring a consecutive sentence of twenty-five years on the subsequent counts." *United States v. Mongham*, 356 F. App'x 831, 839 (6th Cir. 2009) (interpreting and quoting *Deal*, 508 U.S. at 136–37). *See also Greenlaw v. United States*, 554 U.S. 237, 241 (2008). This claim lacks merit and should therefore be denied.[2]

---

[2] Respondent argues that Petitioner has waived this claim and while those arguments appear well

## Claim Two

Petitioner's next claim is one for ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner argues that his counsel was ineffective for the following reasons: (1) his attorney ignored Petitioner's requests to go to trial, (2) failed to prepare for trial, (3) failed to file certain pre-trial motions, (4) induced and pressured Petitioner to enter into a guilty plea based on misrepresentations, and (5) failed to instruct Petitioner of his rights and defenses,

---

taken, the undersigned has decided to address the merits of Petitioner's *Abbot* argument.

or, apparently, to discuss the case with him in any meaningful way. (Docket Entry 149, § 12, Ground Two, Docket Entry 150 at 3-6.) Yet, as explained below, Petitioner's statements to the Court, including statements at a Rule 11 hearing, are a formidable barrier to this claim.

"[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996) (citations and internal quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005).

Here, Petitioner participated in lengthy proceedings before the Court, including a Rule 11 proceeding, which essentially forecloses his claims. More specifically, on November 19, 2008, Petitioner was called for trial and, prior to jury selection, he informed the Court he wanted new counsel because trial counsel had lied to him. (Docket Entry 129 at 1-2.) After an extensive examination of Petitioner and his counsel, the Court concluded that there was no basis to Petitioner's assertion that his counsel had misrepresented the discovery process in his criminal case. (*Id.* at 19.) The Court found that the Government's file had been available to counsel for at least six weeks prior and that counsel had reviewed the file and shared the substance of the information with Petitioner. (*Id.*) The Court further determined that counsel had not lied to Petitioner as to whether a particular witness (Marcel Orlando

5

West) would testify against Petitioner. (*Id.* at 20.) The Court next found that counsel had not improperly pressured Petitioner into pleading guilty. (*Id.* at 21.) The Court further found that during the course of the hearing it had addressed Petitioner's additional concerns regarding the nature of the charges against him. (*Id.*) Finally, the Court found that "there appears to be no substantial issue affecting the adequacy of the defense that remains outstanding from the defendant's point of view." (*Id.* at 22.) The Court also found that counsel met with Petitioner on approximately nine occasions for about five and a half hours and that co-counsel met with him for about thirty minutes. (*Id.*) In light of all this, which the Court found amounted to a lack of good cause to substitute counsel, and in light of the fact that Petitioner brought his motion to substitute counsel on the eve of trial, the Court denied his request for substitute counsel. (*Id.* at 22.)

Petitioner continued to voice his dissatisfaction with his attorney's preparation for trial but admitted that there were no "specific items of investigation to defend for trial" that his counsel refused to conduct. (*Id.* at 26.) The Court concluded that Petitioner had either seen or counsel had summarized for him the important information necessary to defend himself, however, the Court also gave Petitioner time to review statements Petitioner asserted he had not seen. (*Id.* at 28.) The Court recessed at 10:56 a.m. and then reconvened at 12:21 p.m., whereupon, Petitioner's change of plea was announced. (*Id.* at 37-38.)

Petitioner was then placed under oath. (*Id.* at 39.) He indicated that he had read the superseding indictment and understood the charges against him, that he had sufficient time to discuss his case with counsel, and that he had discussed possible defenses in his case. (*Id.*

at 41.) Petitioner also indicated that he was "fully satisfied with the services of [his] lawyer, with his [lawyer's] counsel, his representations to [Petitioner], and the advice he [had] given [Petitioner] in this case." (*Id.* at 41-42.) Petitioner's plea agreement was summarized and Petitioner agreed with the contents of that summarization, asserted that he understood the terms of his plea agreement, asserted that he had had sufficient time to discuss it with his attorney, and asserted that he had no questions about the plea agreement. (*Id.* at 43-45.) Petitioner represented that he had been subject to no threats or promises other than those set forth in the plea agreement and that no one had attempted to force him to plead guilty against his wishes. (*Id.* at 45.)

The Court then reviewed the maximum penalties provided for in Petitioner's case: not more than twenty years for count one, no less than ten years as to count nineteen, and not less than twenty-five years as to count twenty-one. (*Id.* at 46-47.) The Court also pointed out to Petitioner that the sentences for counts nineteen and twenty one would not run concurrently, but would run in addition to any other sentence. (*Id.*) Petitioner represented to the Court that he understood this. (*Id.* at 47.) The Court then explained the sentencing process, including the advisory nature of the sentencing guidelines. (*Id.* at 47-48.) Petitioner stated to the Court that he understood that the guideline range and sentence in his case might be different from any estimate that his attorney may have provided him. (*Id.* at 48.) Petitioner also stated that he understood that parole had been abolished in the federal system and that if sentenced to prison he would not be released on parole. (*Id.* at 49.)

Next, the Court advised Petitioner of his constitutional rights, including the right to plead not guilty and to demand a trial by jury. (*Id.* at 49-50.) Petitioner also indicated that he understood that if the Court accepted his plea of guilty, it was "highly unlikely that the decision would ever be reversed." (*Id.* at 51.) The Court covered with Petitioner the elements of the crimes to which he intended to plead guilty, Petitioner asserted that he understood these elements, indicated that he was pleading guilty, and indicated that he was in fact guilty of these crimes. (*Id.* at 52-54.) The Court found that Petitioner was competent and capable of entering an informed plea, that he understood the nature of his charges and the consequences of his plea, and that that his plea was a knowing and voluntary plea. (*Id.* at 54.) Counsel indicated that he had reviewed the factual basis for the plea with Petitioner and indicated that there were no objections other than certain agreed upon corrections. (*Id.* at 56.) The Court reviewed the factual basis and concluded that Petitioner's plea was supported by the factual basis and that all of the essential elements were met. (*Id.* at 57.) The Court accepted the plea and adjudged Petitioner guilty. (*Id.*)

In light of the above, Petitioner cannot now argue that his attorney ignored requests to go to trial. Petitioner represented that he had been subject to no threats or promises other than those set forth in the plea agreement and that no one had attempted to force him to plead guilty against his wishes. (*Id.* at 45.) Petitioner was also advised of his right to plead not guilty and demand a trial by jury, but his Rule 11 hearing clearly demonstrates that he intentionally gave up those rights. (*Id.* at 49-50.) Petitioner has not established either prong of the *Strickland* analysis here and has raised no issue requiring an evidentiary hearing.

Petitioner's claim that trial counsel failed to prepare for trial also fails. As noted above, Petitioner admitted that there were no "specific items of investigation to defend for trial" that his counsel refused to conduct. (*Id.* at 26.) The Court also found that Petitioner had either seen or had summarized for him the important information necessary to defend himself, and even gave Petitioner additional time to review certain police statements that Petitioner asserted he had never seen. (*Id.* at 27-28.) The Court found too that counsel met with Petitioner on about nine occasions for about five and a half hours and that co-counsel met with him for about thirty minutes. (*Id.* at 22.) The undersigned also notes that counsel filed a Trial Brief (Docket Entry 72) which does not support Petitioner's assertion that his counsel did nothing to prepare for trial. Again, Petitioner has not established either prong of the *Strickland* analysis and has raised no issue requiring a hearing.

Petitioner's assertion that counsel failed to instruct him of his rights and defenses or to discuss the case with him must also fail. As noted above, the Court concluded that Petitioner had either seen or counsel had summarized for him the important information necessary to defend himself. (Docket Entry 129 at 28.) He indicated too that he had read the superseding indictment and understood the charges against him, that he had sufficient time to discuss his case with counsel, and that he had discussed possible defenses in his case. (*Id.* at 41.) The Court also advised Petitioner of his constitutional rights at length. (*Id.* at 49-50.) Neither prong of *Strickland* has been satisfied here.

Likewise, Petitioner has failed to demonstrate that his counsel was constitutionally ineffective because he induced Petitioner to enter into a guilty plea through a series of

9

misrepresentations. Petitioner's pleadings are largely conclusory in this regard and fail for that reason alone. Furthermore, as explained above, the Court examined Petitioner at length regarding his assertion that he had been misled by counsel and the Court found that no such misrepresentations had taken place. At one point in his Memorandum, Petitioner asserts that counsel told him he should plead guilty because "they are going to change the good time to 65% anyway." (Docket Entry 150 at 3-4.) Also, in his Reply (Docket Entry 154) Petitioner asserts that his counsel told him he would "only get 35 years" if he took the plea. (Docket Entry 154 at 3.) Yet, the Court reviewed the maximum penalties provided for in Petitioner's case. (Docket Entry 129 at 46-47.) The Court also pointed out to Petitioner that the sentences for counts nineteen and twenty one would not run concurrently, but run in addition to any other sentence. (*Id.*) Petitioner asserted that he understood this. (*Id.* at 46-47.) The Court explained the sentencing process, including the advisory nature of the sentencing guidelines and the fact that there was no parole from federal prison. (*Id.* at 48-49.) Petitioner also stated that he understood that his sentence might be different from any estimate that his attorney provided him. (*Id.* at 48.) Petitioner's plea colloquy demonstrates that at his change of plea hearing Petitioner understood that his counsel's assessment of the sentence he would receive was an estimate and that the length of his sentence would ultimately be decided by the Court in accordance with the law. Petitioner has not established either prong of the *Strickland* analysis here and has raised no issue requiring an evidentiary hearing.

Petitioner's claim that counsel was ineffective for failing to file certain pre-trial motions, in particular a motion to suppress his confession due to an alleged *Miranda* violation, must also fail. Petitioner's claim is largely conclusory and is also inconsistent with his Rule 11 colloquy in which he asserts that he pled guilty absent coercion, that he was content with his attorney's counsel, and that there were no additional issues that he believed his attorney should pursue. Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, in order to avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. "The law does not require counsel to raise every available nonfrivolous defense," *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009), and whether to file a pre-trial motion is precisely the type of strategic decision a court should not second guess. *See Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (discussing fact that decisions regarding which pretrial motions to file is a tactical decision within the attorney's, not the client's, discretion). Moreover, even assuming attorney error, Petitioner has failed to establish prejudice. The factual basis that Petitioner swore under oath was accurate, and which the Court adopted, indicates that a number of Petitioner's co-conspirators implicated Petitioner in the crimes at issue and that there was a substantial amount of physical evidence corroborating his involvement in the crimes. (Docket Entry 44 at 8-9.) Also, Petitioner, who does not assert his innocence, has put forward no evidence suggesting that even if his confession was suppressed and struck from the record he would have gone to trial.

Consequently, this claim is without merit.[3] In short, Petitioner has not established either prong of the *Strickland* analysis and has raised no issue requiring an evidentiary hearing.

Last, Petitioner makes statements in his Reply (Docket Entry 154 at 2-3) suggesting that he may not have been competent to participate in the hearing held on the day of his change of plea. However, the Court found that Petitioner was competent and capable of entering an informed plea, that he understood the nature of his charges and the consequences of his plea, and that that his plea was a knowing and voluntary plea. (Docket Entry 129 at 54.) As explained in detail above, the Court engaged in an extended dialogue with Petitioner about his relationship with his attorney, the nature of his case, his rights, and the consequences of pleading guilty. Any argument that Petitioner was unable to understand or participate meaningfully in these proceedings is not borne out by the record.

As set out previously, Petitioner faces the "formidable barrier" of his sworn statements made during the plea colloquy, which he can only overcome by demonstrating "extraordinary circumstances." His allegations in this case do not qualify as such extraordinary circumstances. Rather, they are the type of run of the mill allegations made frequently by petitioners seeking to challenge their guilty pleas. Petitioner is bound by his statements during the plea colloquy and his ineffective assistance claims should be denied in their entirety.

---

[3] Petitioner's Memorandum also seeks a protective order prohibiting Respondent from seeking an affidavit from his prior counsel. (Docket Entry 150 at 5-6.) That Respondent has not submitted any such affidavit essentially renders this request moot. Petitioner also seeks an evidentiary hearing at which he would require his prior trial counsel to testify. (*Id.*) For the reasons set forth above, no evidentiary hearing is necessary in this case.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to vacate, set aside or correct sentence (Docket Entry 149) be denied and that this action be dismissed.

Joe L. Webster
United States Magistrate Judge

March 25, 2014
Durham, North Carolina